IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID McILWAIN,

        Plaintiff,

    v.

COMMISSIONER OF INTERNAL REVENUE,
MARK W. EVERSON; "UNKNOWN" I.R.S.
EMPLOYEES; OREGON DEPARTMENT OF
REVENUE, DIRECTOR ELIZABETH
HARCHENKO; ANGIE LONG and CEO OF
RELIABLE SERVICE PEOPLE, INC.; MARC K.
SELLERS OF SCHWABE, WILLIAMSON AND
WYATT, P.C.,

        Defendants.

CV-05-1151-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, David McIlwain ("McIlwain"), appearing *pro se*, filed a Complaint seeking damages from a variety of defendants who have issued allegedly unlawful summons and charges, garnishments, liens and levies to collect federal and state income taxes which he believes he does

1 - FINDINGS AND RECOMMENDATION

not owe. Based on a multitude of statutes, constitutional provisions, cases and theories, McIlwain believes that he is not a taxpayer, is not involved in a taxable activity, and is not liable for debt which is not proven or properly verified. By attempting to collect unlawful taxes, he alleges that defendants have deprived him of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. As a result, he asks the court to order the Internal Revenue Service, Oregon Department of Revenue, and the Oregon Department of Justice to cease all collection activities against him and to eradicate all files regarding him. In addition, he seeks recovery of damages for mental anguish, pain and suffering, compensatory damages, punitive damages, and attorney fees.

McIlwain alleges that this court has jurisdiction under 42 USC §§ 1981, 1983, 1985 and 1986, as well as 28 USC §§ 1331 and 1343, and 18 USC §§ 241 and 242.

Defendants Internal Revenue Service ("IRS"), Mark W. Everson, Commissioner of Internal Revenue ("Everson"), and "unknown" IRS employees (together "IRS defendants") have filed a Motion to Dismiss for Lack of Jurisdiction (docket # 47) arguing that: (1) this court lacks personal jurisdiction over the United States due to insufficiency of process; (2) this court lacks jurisdiction over any *Bivens* claims; (3) the United States retains sovereign immunity from suit; (4) McIlwain fails to fulfill the requirements for bringing a suit for damages for unauthorized collection action; (5) this court lacks jurisdiction over any suit arising from a Collection Due Process hearing; (6) the Anti-Injunction Act bars any restraint of collection activities by the IRS; and (7) McIlwain's additional arguments are frivolous. For the reasons set forth below, the IRS defendants' motion should be granted.

///

## LEGAL STANDARD

"A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Sprewell v. Golden State Warriors*, 266 F3d 979, 988 (9th Cir), *opinion amended on denial of rehearing,* 275 F3d 1187 (2001) (citations omitted). The court must accept as true, in the light most favorable to the non-moving party, all material, well-pleaded allegations in a complaint, as well as all reasonable inferences from those allegations. *Id.*

*Pro se* complaints are held to a less strict standard than those drafted by a lawyer. *Bonner v. Lewis*, 857 F2d 559, 563 (9th Cir 1988), citing *Akao v. Shimoda*, 832 F2d 119, 120 (9th Cir 1987). Before dismissing a *pro se* complaint, the court must, in many circumstances, instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *See Eldridge v. Block*, 832 F2d 1132, 1135-36 (9th Cir 1987). Nevertheless, the court may dismiss a *pro se* complaint outright where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F2d 458, 460 (9th Cir 1980); *see also Akao*, 832 F2d at 120.

## DISCUSSION

### I.  Insufficient Service of Process

The IRS defendants argue contend that they should be dismissed for insufficiency of process. FRCP 4(i) requires that service upon the United States and its agencies, as well as upon its officers or employees, be effected by delivering a copy of the summons and complaint to the United States Attorney in the district where the action is brought and by sending a copy by registered or certified mail to the Attorney General of the United States. On September 28,

2005, McIlwain served the United States Attorney for the District of Oregon (see docket #41), but has failed to serve the Attorney General of the United States. On this basis, the IRS defendants request that the action be dismissed.

McIlwain responds by stating that he is not suing the IRS or the United States, but is only suing Everson personally. However, the United States or the IRS, not the IRS officer or employee, is the only proper defendant in actions for unauthorized collection actions by the IRS, 26 USC §§ 7432 and 7433, and in tort claims arising or resulting from any act or omission by IRS employees while acting within the scope of their employment. 28 USC 2679(b)(1). Thus, to the extent that McIlwain seeks to bring such claims, he must sue and serve the United States or its agency, not Everson. As to other potential claims against Everson in his individual capacity, McIlwain must still comply with the service requirements of FRCP 4(i) if Everson's alleged acts or omissions occurred in connection with the performance of his duties on behalf of the United States. Since all of Everson's alleged acts or omissions occurred in connection with the assessment and collection of taxes, they were within the scope of his duties on behalf of the United States. Thus, McIlwain is still required to serve the summons and complaint on the Attorney General of the United States.

While FRCP 4(m) allows a court to dismiss the action without prejudice if service is not made within 120 days, it also allows a court to direct that service be effected within a specified time. In the Ninth Circuit, courts have broad discretion under FRCP 4(m), even in the absence of a showing of good cause, to extend the time within which to serve. *See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F3d 767, 772 (9th

Cir 2004). A court may even extend the time for serving a party retroactively after the 120 days have passed. *Id.*

At this point, McIlwain has not requested an extension of time in which to effect service on Everson, the IRS, or other "unknown" IRS employees by properly serving the Attorney General of the United States as required by FRCP 4(i). Therefore, the Complaint should be dismissed against the IRS defendants for insufficient service of process.

However, even if the time is extended for service, McIlwain's claims against the IRS defendants should be dismissed for other reasons, as discussed below.

## II. Sovereign Immunity of IRS and IRS Employees Sued for Damages in Their Official Capacity

Federal district courts have exclusive jurisdiction over civil actions against the United States under 28 USC § 1346, but their jurisdiction is limited to cases in which the government has consented to be sued. *Morris v. United States*, 521 F2d 872, 874 (9th Cir 1975). This is because the United States is a sovereign entity and, as such, is immune from suit unless it has statutorily waived such immunity and consented to be sued. *See United States v. Shaw*, 309 US 495, 500-01 (1940); *Hutchinson v. United States*, 677 F2d 1322, 1327 (9th Cir 1982) (citations omitted). The waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. King*, 395 US 1, 4 (1969) (citations omitted); *Baker v. United States*, 817 F2d 560, 562 (9th Cir 1987), *cert denied*, 487 US 1204 (1988). Where the United States has not waived its sovereign immunity, dismissal of the action is required. *Hutchinson,* 677 F2d at 1327. Sovereign immunity also extends to federal employees acting in their official capacity

5 - FINDINGS AND RECOMMENDATION

and, absent statutory consent to sue, such an action must be dismissed. *Gilbert v. DaGrossa*, 756 F2d 1455, 1458 (9th Cir 1985) (citations omitted).

Certain statutory waivers to sovereign immunity may apply in this action. It is unclear from the Complaint whether McIlwain has filed a claim for injury to property, for unauthorized collection actions by the IRS or for a suit arising from a Collection Due Process hearing. This court will address each potential claim.

### A. Unauthorized Collection Action

Under 26 USC § 7432, the United States has waived its immunity in civil suits for damages where an officer of employee of the IRS knowingly or negligently failed to release a lien on the property of the taxpayer. Under 26 USC § 7433(a), a waiver is recognized when IRS officers or employees recklessly, intentionally or negligently disregard any provision of the Internal Revenue Code regarding the collection of a federal tax from a taxpayer. However, these waivers only apply once the plaintiff has exhausted the IRS's administrative remedies. 26 USC §§ 7432(d)(1), 7433(d)(1).

McIlwain has not alleged he has exhausted administrative remedies. Even if he had, his claim is based on not being a taxpayer, not on the negligent, intentional or reckless actions on IRS employees in collecting taxes. Thus, he fails to state a claim under 26 USC §§ 7432 or 7433.

### B. Claim for Injury or Loss of Property

A claim against the United States for injury or loss of property caused by or arising from the actions of IRS employees acting in their official capacity must be brought under the Federal

Tort Claims Act, 28 USC §§ 2671-2680 ("FTCA").[1] The FTCA defines the government's limited waiver of immunity for tort liability, and the remedies provided in the statute are exclusive. 28 USC § 2679(b). However, it contains exceptions limiting the United States' waiver of sovereign immunity, including an exception as to "any claim arising in respect of the assessment or collection of any tax." 28 USC § 2680(c). "If a plaintiff's tort claim falls within one of the exceptions, the district court lacks subject matter jurisdiction." *Morris*, 521 F2d at 874 (citations omitted). In *Morris*, a taxpayer brought an action under FTCA to recover for damage suffered when, during an IRS investigation of the taxpayer's business, the IRS told his creditor the taxpayer would become insolvent because of tax liability. The taxpayer lost his credit and his business shut down. The Ninth Circuit held that "[e]ven assuming arguendo that the Internal Revenue agents' collection activity was beyond the normal scope of authority and amounted to tortious conduct, we find that the claim falls squarely within the exempted group of tort claims arising out of tax collection efforts." *Id* at 874 (citations omitted).

Thus, even if McIlwain sued the United States, this court has no subject matter jurisdiction over any claim by McIlwain for injury or loss of property arising from the assessment or collection of taxes by any IRS employee.

      **C.**     **Collection Due Process Hearing Claim**

McIlwain also alleges a violation of his due process rights. Prior to the issuance of an administrative tax levy, the IRS must give the taxpayer notice of an opportunity for a Collection Due Process hearing before the IRS Appeals Office. 26 USC § 6330. A taxpayer must request

---

[1] The FTCA only allows claims against the United States and not against United States agencies. *See F.D.I.C. v. Craft*, 157 F3d 697, 706 (9th Cir 1998).

the hearing within 30 days of the date the notice of right to a hearing is given. 26 USC § 6330(a)(2), (a)(3)(B). McIlwain requested and was given a Collection Due Process hearing. Exhibit A to IRS Defendants Motion to Dismiss. The IRS Appeals Office determined at the Collection Due Process hearing that "the issuance of the Final Notice - Notice of Intent to Levy and the filing of the Notice of Federal Tax Lien was an appropriate action and is sustained." *Id.*

Taxpayers are given the opportunity to request judicial review of the decision of the IRS Appeals Office. A federal district court may hear an appeal from an adverse IRS ruling arising from a Collections Due Process hearing if the United States Tax Court does not have jurisdiction of the underlying tax liability. 26 USC § 6330(d)(1)(B); *See also Danner v. United States,* 208 F Supp 2d 1166, 1170 (ED Wash 2002). McIlwain is challenging the imposition of an income tax. Courts have consistently held that the United States Tax Court has jurisdiction over claims challenging the requirement of income taxes. In cases where income tax liabilities are at issue, federal district courts lack subject matter jurisdiction to hear appeals of Collection Due Process determinations. *See Johnson v. Comm'r of Internal Revenue*, 2000 WL 1041191 (D Or 2000), citing 26 USC § 6330(d)(1), Treas. Regs. § 301.6330-1T(f)(2), Q-F# / A-F3, *Krugman v. Comm'r*, 112 T C 230, 236 n6 (1999); *see also Danner*, 208 F Supp 2d at 1170; *United States v. Summers*, 254 F Supp 2d 589, 595 (ED Pa 2003), *aff'd,* 122 Fed Appx 599 (3rd Cir 2005).

Thus, this court lacks subject matter jurisdiction over any Collection Due Process claim by McIlwain. Instead, McIlwain must file this claim with the United States Tax Court within 30 days after dismissal by this court. 6 USC § 6330(d)(1).

### III. IRS Employees Sued for Damages in Their Individual Capacity

McIlwain is also suing certain IRS employees for damages in their individual capacity. Government officials may be held personally liable for violations of a person's constitutional rights committed under the color of government authority. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 US 388 (1971). Such actions are referred to as *Bivens* actions. The Supreme Court has held that *Bivens* actions are not appropriate "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Schweiker v. Chilicky*, 487 US 412, 423 (1988).

In tax-related controversies, "the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection," and, therefore, "*Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and officials." *Adams v. Johnson*, 355 F3d 1179, 1186 (9th Cir 2004). Although *Adams* ultimately dealt with whether *Bivens* actions are precluded under Title IV of the Tax Equity and Fiscal Responsibility Act, 26 USC §§ 6221-6233, the court worded its decision broadly, relied on similar holdings in other circuit courts, and found that "the breadth of the Internal Revenue Code's remedial scheme demonstrates persuasively that Congress did consider the wrongs that could be committed in administering the Internal Revenue Code, and struck a balance between the desire for taxpayer protection and the need for efficient tax administration." *Id* (citations omitted). Moreover, *Adams* has been read broadly by this court. *See MacKinnon v. Frederickson*, 2005 WL 708337, *4 (D Or Mar 29, 2005); *Ray v. Briney*, 2004 WL 1465685, *3 (D Or Jun 29, 2004), *adopted,* 2004 WL 1821679 (D Or Aug 11, 2004).

Thus, McIlwain fails to state any claim against any IRS employee in his or her individual capacity for damages based on any alleged constitutional violation.

IV. **Injunctive Relief to Prohibit Assessment and Collection of Taxes**

To the degree McIlwain seeks injunctive relief, his claims are barred by the Anti-Injunction Act which bars all suits "for the purpose of restraining the assessment or collection of any tax." 26 USC § 7421(a).[2] "'The purposes of the [Anti-Injunction Act] are to allow the Federal Government to assess and collect allegedly due taxes without judicial interference and to compel taxpayers to raise their objections to collected taxes in suits for refunds.'" *Warren v. C.I.R.*, 302 F3d 1012, 1015-16 (9th Cir 2002) (citations omitted). In order to bring a suit for injunctive relief, a taxpayer is required to demonstrate that the government cannot prevail under any circumstance and "equity jurisdiction otherwise exists." *Enochs v. Williams Packing Nav. Co.*, 370 US 1, 6-7 (1962).

McIlwain has not articulated any basis for why the government would not prevail under any circumstance. As a result, this court lacks subject matter jurisdiction over any request for injunctive relief.

V. **42 USC § 1981 Claim**

McIlwain also alleges that the IRS defendants' actions violated 42 USC § 1981 ("§ 1981"), which states that: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." This statute was instituted as a way for victims of racial discrimination in contracts to seek remedy. *See McDonald v. Santa Fe Trail*, 427 US 273 (1976). Accordingly, a

---

[2] Certain exceptions that do not apply here are listed in 26 USC § 7421(a).

plaintiff pleading a claim under § 1981 must allege that he or she has been subject to racial discrimination in a contractual relationship.

McIlwain has not pled that he was a victim of racial discrimination, and allowing him to amend would not cure this defect. Therefore, he fails to state a claim upon which relief can be granted under § 1981.

## VI. Other Potential Claims

McIlwain's response to the motion contains a plethora of other arguments that, not being a taxpayer, he has no administrative remedy, that he is not under the jurisdiction of the IRS or the United States, that the tax assessment is bogus, *etc.* Courts have rejected such theories as frivolous. *See United States v. Studley,* 783 F2d 934, 937 n3 (9th Cir 1986) ("We note that this argument [that plaintiff is not a "taxpayer" because she is an absolute, freeborn and natural individual] has been consistently and thoroughly rejected by every branch of the government for decades. Indeed advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them."); *see also Maddox v. Dep't of Revenue*, 2003 WL 21241338, *5 (Or Tax Magistrate Div, April 10, 2003) (The stories of taxpayers who believe that they are not required to pay taxes "have assumed a form almost as conventional as the plots one finds in the plays of Plautus and Terence. Indeed, if they were told with art and possessed more fertility of imagination, a new anthology might be gathered for American literature from the ['tax protestor'] field. As it is, they contain little more than standardized forms of falsehood so often reiterated as to be neither credible nor interesting," (paraphrasing *In re Abesbaum,* 70 F2d 628 (2nd Cir 1934)).

McIlwain is operating under a gross misunderstanding of the applicable law. No matter what claim he attempts to file, he cannot avoid the plain fact that he must pay federal, state, and local taxes on his wages earned while working in the United States and that the IRS and other taxing authorities have a constitutional right to assess and collect those taxes from him.

**RECOMMENDATION**

After reviewing the other constitutional and statutory provisions on which McIlwain relies, this court cannot find any that would support jurisdiction in this court for the alleged conduct by the IRS defendants. For the reasons set forth above, the Motion to Dismiss by the IRS defendants (docket #47) should be GRANTED with prejudice.

**SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due **on January 9, 2006**. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

///

///

///

///

## NOTICE

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

DATED this 15th day of December, 2005.

        s/ Janice M. Stewart_____
        Janice M. Stewart
        United States Magistrate Judge