IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID McILWAIN,                                           05-CV-1151-ST

        Plaintiff,                                    ORDER

v.

COMMISSIONER OF INTERNAL REVENUE,
MARK W. EVERSON; UNKNOWN I.R.S.
EMPLOYEES; OREGON DEPARTMENT OF
REVENUE, DIRECTOR ELIZABETH
HARCHENKO; ANGIE LONG; CEO OF
RELIABLE SERVICE PEOPLE, INC.;
MARK K. SELLARS OF SCHWABE,
WILLIAMSON AND WYATT, P.C.,

        Defendants.


BROWN, Judge.

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#62) on December 12, 2005, in which she recommended the Court grant with prejudice the Motion to Dismiss (#25) of Defendant Mark K. Sellers and the Motion to Dismiss (#29) of Defendants Angie Long and CEO of Reliable Service People

1 - ORDER

Inc. (Reliable Defendants). Plaintiff filed timely objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). This Court has reviewed the pertinent portions of the record *de novo*.

When a plaintiff appears *pro se*, the court "must construe liberally [the plaintiff's] inartful pleading." *Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir. 1996). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint

2 - ORDER

cannot be cured by amendment.'"  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)).  If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

This Court has reviewed the pertinent portions of the record *de novo* and adopts the Magistrate Judge's Findings and Recommendation as modified:  To the extent Plaintiff's claims arise from his allegations that the Reliable Defendants should not have withheld federal and state taxes from Plaintiff's wages because Plaintiff is not a freeborn and natural citizen or individual, the Court **GRANTS** Defendants' Motions and **DISMISSES** Plaintiff's claims **with prejudice.**

Plaintiff conceded in his Response to Defendants' Motions to Dismiss that he improperly brought claims under 18 U.S.C. §§ 241 and 242.  Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss with respect to these claims and **DISMISSES** these claims **with prejudice**.

Plaintiff also conceded in his Complaint that he did not rely on the truth of the representations by either Sellers or the Reliable Defendants regarding Plaintiff's tax obligations.  Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss with

3 - ORDER

respect to Plaintiff's fraud claim and **DISMISSES** that claim **with prejudice**.

With respect to the remainder of Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985 and Plaintiff's claims for negligent misrepresentation, legal malpractice, and defamation, Plaintiff has not alleged sufficient facts to state a claim.  To the extent these claims encompass allegations relating to the allegedly improper withholding of federal and state income tax from Plaintiff's wages, the Court **GRANTS** Defendants' Motions to Dismiss and **DISMISSES** these claims **with prejudice**.  To the extent these claims encompass allegations other than those relating to the allegedly improper withholding of federal and state income tax from Plaintiff's wages, the Court **GRANTS** Defendants' Motions to Dismiss **without prejudice**.  Because this record does not reflect it is "beyond doubt that the plaintiff can prove no set of facts in support of these claims which would entitle him to relief" at this stage, the Court **GRANTS** Plaintiff leave to amend his Complaint solely to cure the absence of facts to support his claims that do not relate to the allegedly improper withholding of federal and state income tax from Plaintiff's wages no later than April 7, 2006.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Stewart's

4 - ORDER

Findings and Recommendation (#62) and, accordingly:

1. **GRANTS** Defendants' Motions to Dismiss (#25,#29) as to any part of Plaintiff's claims that arise from allegations that Defendants improperly withheld federal or state taxes from Plaintiff's wages **with prejudice**;

2. **GRANTS** Defendants' Motions to Dismiss (#25,#29) as to Plaintiff's fraud claim and claims under 18 U.S.C. §§ 241 and 242 **with prejudice**;

3. **GRANTS** Defendants' Motions to Dismiss (#25,#29) as to any part of Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985 and Plaintiff's claims for negligent misrepresentation, legal malpractice, and defamation that do not arise from allegations that Defendants improperly withheld federal or state taxes from Plaintiff's wages **without prejudice**.

The Court **GRANTS** Plaintiff leave to amend his Complaint solely to cure the absence of facts to support his claims that do not relate to the allegedly improper withholding of federal and

state income tax from Plaintiff's wages no later than April 7, 2006.

    IT IS SO ORDERED.

    DATED this 14th day of March, 2006.

                                   /s/ Anna J. Brown

                                   ANNA J. BROWN
                                   United States District Judge