FILED'06 MAR 14 15:53 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID McILWAIN,                                           05-CV-1151-ST

        Plaintiff,                                     ORDER

v.

COMMISSIONER OF INTERNAL REVENUE,
MARK W. EVERSON; UNKNOWN I.R.S.
EMPLOYEES; OREGON DEPARTMENT OF
REVENUE, DIRECTOR ELIZABETH
HARCHENKO; ANGIE LONG; CEO OF
RELIABLE SERVICE PEOPLE, INC.,
MARK K. SELLARS OF SCHWABE,
WILLIAMSON AND WYATT, P.C.,

        Defendants.

BROWN, Judge.

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#63) on December 15, 2005, in which she recommended the Court grant with prejudice the Motion to Dismiss (#47) of Defendants Internal Revenue Service (IRS); Mark W. Everson, IRS Commissioner; and "unknown" IRS employees.

1 - ORDER

Plaintiff filed timely objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).  This Court has reviewed the pertinent portions of the record *de novo*.

When a plaintiff appears *pro se*, the court "must construe liberally [the plaintiff's] inartful pleading."  *Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996).  A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'"  *Noll v. Carlson*, 809 F.2d 1446,

2 - ORDER

1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)). If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

This Court has reviewed the pertinent portions of the record *de novo* and adopts the Magistrate Judge's Findings and Recommendation as modified: The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claim under § 1981. The Court, however, **DISMISSES** Plaintiff's claim under § 1981 **without prejudice** because the record does not reflect it is "beyond doubt that the plaintiff can prove no set of facts in support of [this] claim which would entitled him to relief" at this stage. The Court **GRANTS** Defendants' Motion to Dismiss the remainder of Plaintiff's claims and **DISMISSES** these claims **with prejudice**.

The Court **GRANTS** Plaintiff leave to amend his Complaint solely to cure the absence of facts to support the portion of his § 1981 claim that does not relate to the allegedly improper withholding of federal and state income tax from Plaintiff's wages no later than April 7, 2006.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Stewart's

3 - ORDER

Findings and Recommendation (#63) and, accordingly:

1. **GRANTS** Defendants' Motion to Dismiss (#47) Plaintiff's claim under § 1981 and **DISMISSES** this claim **without prejudice,** and

2. **GRANTS** Defendants' Motion to Dismiss (#47) the remainder of Plaintiff's claims **DISMISSES** these claims **with prejudice.**

The Court **GRANTS** Plaintiff leave to amend his Complaint solely to cure the absence of facts to support the portion of his § 1981 claim that does not relate to the allegedly improper withholding of federal and state income tax from Plaintiff's wages no later than April 7, 2006.

IT IS SO ORDERED.

DATED this 13th day of March, 2006.

_____
ANNA J. BROWN
United States District Judge

4 - ORDER