IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID McILWAIN, | |
| Plaintiff, | CV-05-1151-ST |
| v. | FINDINGS AND RECOMMENDATION |
| COMMISSIONER OF INTERNAL REVENUE, MARK W. EVERSON; "UNKNOWN" I.R.S. EMPLOYEES; OREGON DEPARTMENT OF REVENUE, DIRECTOR ELIZABETH HARCHENKO; ANGIE LONG and CEO OF RELIABLE SERVICE PEOPLE, INC.; MARC K. SELLERS OF SCHWABE, WILLIAMSON AND WYATT, P.C., | |
| Defendants. | |

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, David McIlwain ("McIlwain"), appearing *pro se*, filed a Complaint seeking damages from a variety of defendants who have issued allegedly unlawful summons and charges, garnishments, liens and levies to collect federal and state income taxes which he believes he does

1 - FINDINGS AND RECOMMENDATION

not owe.  Based on a multitude of statutes, constitutional provisions, cases and theories, McIlwain believes that he is not a taxpayer, is not involved in a taxable activity, and is not liable for debt which is not proven or properly verified.  By attempting to collect unlawful taxes, he alleges that defendants have deprived him of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  As a result, he asked the court to order the Internal Revenue Service, Oregon Department of Revenue, and the Oregon Department of Justice to cease all collection activities against him and to eradicate all files regarding him.  In addition, he sought recovery of damages for mental anguish, pain and suffering, compensatory damages, punitive damages, and attorney fees.

Defendants Oregon Department of Revenue and its director Elizabeth Harchenko ("Harchenko") filed a motion to dismiss (docket # 7).  This court issued Findings and Recommendation (docket # 43) to grant this motion, which District Court Judge Anna Brown adopted (docket #79).  Accordingly, the court entered a final judgment dismissing Oregon Department of Revenue and Harchenko with prejudice from this action (docket # 82).

Defendants Marc Sellers ("Sellers"), Angie Long ("Long") and Reliable Service People, Inc. ("Reliable Service") filed motions to dismiss (docket # 25 and # 29).  This court issued Findings and Recommendations (docket # 62) to grant these motions with prejudice, which Judge Brown adopted as modified by dismissing all claims against the above defendants with prejudice, with the exception of the following claims, which were dismissed without prejudice:

> any part of Plaintiff's claims under 42 U.S.C. Section 1981, 1982, 1983, and 1985 and Plaintiff's claims for negligent misrepresentation, legal malpractice, and defamation that do not arise from allegations that Defendants improperly withheld federal or state taxes from Plaintiff's wages.

2 - FINDINGS AND RECOMMENDATION

Docket # 100.

Accordingly, Judge Brown granted McIlwain leave to amend his complaint "solely to cure the absence of facts to support his claims that do not relate to the allegedly improper withholding of federal and state income tax from Plaintiff's wages." *Id.*

Defendant the Internal Revenue Service ("IRS") filed a motion to dismiss (docket # 47) on its behalf and on behalf of defendants Mark W. Everson ("Everson") and unknown IRS employees. This court issued Findings & Recommendation (docket # 63) to grant this motion, which Judge Brown as modified by dismissing McIlwain's 42 USC § 1981 claim without prejudice and dismissing the other claims with prejudice (docket # 101). She granted McIlwain leave to amend his complaint "solely to cure the absence of facts to support the portion of his [42 USC] Section 1981 claim that does not relate to the allegedly improper withholding of federal and state income tax from his wages." *Id*.

McIlwain has now filed an Amended Complaint (docket # 103). However, for the reasons set forth below, that Amended Complaint fails to comply with Judge Brown's orders and should be dismissed *sua sponte*.

## DISCUSSION

### I.     Claims Against the Oregon Department of Revenue and Harchenko

The Amended Complaint alleges various claims against the Oregon Department of Revenue and Harchenko. Because these defendants were dismissed with prejudice from this action (docket # 43, adopted by docket # 79), all claims against them should be dismissed with prejudice.

///

## II. Claims Against the Other Defendants

Many claims that were already dismissed with prejudice (see docket # 62, adopted by docket # 100, and docket # 63, adopted by docket # 101) are realleged in the Amended Complaint. Because all these claims have already been determined to lack merit, they should be dismissed. The court will address the other two new claims alleged in the Amended Complaint.

### a. Constructive Fraud Claim Against Sellers

McIlwain contends that Sellers "pushed his personal views" against McIlwain's knowledge of the laws to Reliable Service "in order to make himself look good." Amended Complaint, p. 33. Sellers is also accused of withholding from Reliable Service that McIlwain had terminated contracts based on constructive fraud. By doing so, Sellers allegedly caused others to violate McIlwain's First, Fourth and Fifth Amendment rights. McIlwain also contends that Sellers committed constructive fraud by misleading Reliable Service into believing that individuals are liable for all taxes, by not telling Reliable Service that McIlwain is not required to fill out an IRS form W-4 as a condition of being hired, and by not telling them that no social security number is required by statute.

Judge Brown allowed McIlwain to cure the absence of facts supporting his 42 USC §§ 1981, 1982, 1983, and 1985 claims, as well as negligent misrepresentation, legal malpractice, and defamation claims that do not arise from allegations that defendants improperly withheld federal or state taxes from McIlwain's wages. The constructive fraud claim arises solely from allegations of improperly withheld taxes and, therefore, fails to comply with Judge Brown's order.

Moreover, McIlwain failed to properly plead facts supporting all the elements of constructive fraud. "Constructive fraud usually arises from a breach of duty where a relationship of trust and confidence exists." *US Nat. Bank of Portland v. Guiss*, 214 Or 563, 586, 331 P2d 865, 876 (1958). As previously discussed by this court (see docket # 62), no such relationship of trust and confidence exists between McIlwain and Sellers. McIlwain has not pled further facts to support the existence of such special relationship.

Thus, the constructive fraud claim should be dismissed.

### b.    First, Fourth and Fifth Amendment Claim Against Long, Reliable Service, Sellers and All Involved IRS Agents Regarding the Mandatory Use of a Social Security Number

McIlwain alleges that as part of the hiring process, he was required to furnish a social security number to Long and Reliable Service. McIlwain also alleges that as an eligible worker, he is not within the category of individuals who are recipients of government benefits and, therefore, is not required by statute to obtain or disclose a social security number as a condition of being hired or maintaining an existing position. He does not cite to which statute he is referring.

Under federal law, all employers are required to withhold certain income taxes and social security taxes and make a report as to each individual employee to the Internal Revenue Service. These reports require identification of the employee by the employee's social security number. *See* 26 USC § 6109; 26 CFR 31.6011(b)-2, 301.6109-1; *see also See Weber v. Leaseway Dedicated Logistics, Inc.*, 5 F Supp 2d 1219, 1222 (D Kan 1998), *aff'd* by 166 F3d 1223 (10th Cir 1999) ("The IRS requires every employee to have a social security number"). In certain circumstances, none of which are present here, employees may use other types of taxpayer

5 - FINDINGS AND RECOMMENDATION

identification numbers. *See* 26 USC § 6109(d); 26 CFR 301.6109-1(a)(1)(ii) (1997).[1]  Both the employee and the employer are subject to potential penalties from the IRS for not reporting the employee's social security number.  *See* 26 USC §§ 6721, 6722, 6723.  The penalties may be waived for reasonable cause.  26 USC § 6724(a).

Federal courts have seen a number of challenges to the mandatory provision of social security numbers by individuals who believe that social security numbers are the "mark of the beast" or a sin.  These individuals claim that employers or government agencies who require them to provide a social security number infringe their rights to freely exercise their sincere religious beliefs which are protected by the First Amendment Free Exercise Clause and, more recently, by the Religious Freedom Restoration Act of 1993, 42 USC §§ 2000bb through 2000bb-4 ("RFRA").  *See Sutton v. Providence St. Joseph Med. Hosp. Ctr.*, 192 F3d 826 (9th Cir 1999); *Miller v. Reed*, 176 F3d 1202 (9th Cir 1999); *In re Turner*, 193 Br 548 (Bankr ND Cal 1996).  None of these challenges have been successful.

For example, in *Sutton*, a hospital did not hire the plaintiff after he refused to provide his social security number during the hiring process because he believed that a social security number is the "mark of the beast" prophesied in the Book of Revelations, Chapters 13 and 14. 192 F3d at 830-31.  The plaintiff sued the hospital claiming, among others, violations of Title

---

[1] There are three types of tax identification numbers: (1) a Social Security Number, (2) an Internal Revenue Service individual taxpayer identification number (IRS-ITIN), and (3) an employer identification number (EIN). 26 CFR 301.6109-1(a). Under 26 CFR 301.6109-1(a)(1)(ii)(B), "[e]xcept as otherwise provided in paragraph (a)(1)(ii)(D) of this section, an individual required to furnish a taxpayer identifying number but who is not eligible to obtain a social security number, must use an IRS individual taxpayer identification number." *Id*. An IRS-ITIN is "a taxpayer identifying number issued to an alien individual by the Internal Revenue Service, upon application, for use in connection with filing requirements under this title. . . .For purposes of this section, the term alien individual means an individual who is not a citizen or national of the United States."  *Id* at (d)(3)(i). The regulations state that "[a]ny individual who is duly assigned a social security number or who is entitled to a social security number will not be issued an IRS individual taxpayer identification number." 26 CFR 301.6109-1(d)(4). The record indicates that McIlwain is a United States citizen. Therefore, as the regulations and instructions cited above indicate, he is not eligible to obtain an IRS-ITIN and consequently is required to obtain a social security number as his tax identification number.

6 - FINDINGS AND RECOMMENDATION

VII of the 1964 Civil Rights Act, as amended, 42 USC § 2000e *et seq*, the RFRA and the free speech guarantee of the First Amendment.  The Ninth Circuit acknowledged that under federal law, all employers are required to withhold certain income taxes and social security taxes, and submit a report to the Internal Revenue Service as to each individual employee, and that such reports require identification of the employee by social security number.  The court held that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law.  Because requiring the hospital to accommodate the employee by waiving the mandatory provision of a social security number would lead the hospital to violate federal and state laws, it would cause "undue hardship" as a matter of law.

McIlwain has not alleged that being required to provide a social security number in the process of being hired or maintaining employment in any way prevented him from freely exercising his religious beliefs under the RFRA or discriminated against him for his religious beliefs in violation of Title VII.  Even if McIlwain had made such an allegation, under *Sutton* the employer has no duty to accommodate him by making an exception from the social security requirement.  Moreover, Reliable Service's practice of requiring McIlwain to reveal his social security number is required by legislation regarding the withholding of federal and state taxes and, therefore, falls outside the scope of Judge Brown's orders allowing McIlwain to file a limited amended complaint.  On this ground alone, the claim should be dismissed.

## **RECOMMENDATION**

For the reasons discussed above, all the claims alleged in the Amended Complaint should be dismissed *sua sponte,* and this case should be dismissed with prejudice.

7 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due May 5, 2006. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

**NOTICE**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

DATED this 14th day of April, 2006.

        s/ Janice M. Stewart_____
        Janice M. Stewart
        United States Magistrate Judge